O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. CV 96-3437-DOC                                              Date: April 22, 2014
       No. CR 90-0565-DOC

Title: MAXWELL JOELSON v. UNITED STATES OF AMERICA

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
              None Present                                None Present

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING PETITIONER'S MOTION TO VACATE PRIOR RULE 60(b) DENIAL ORDER [44]**

      Before the Court is Petitioner Maxwell Joelson's Motion to Vacate this Court's Prior 2002 Denial Order ("Motion" or "Mot.") (Dkt. 44). The Court DENIES the Motion.

**I. BACKGROUND**

    **A. Underlying Conviction**

      In early 1990, Adam Cobbs ("Agent Cobbs"), a pilot working under the supervision of the Drug Enforcement Administration ("DEA"), arranged to smuggle drugs from Guatemala into the United States with Alvaro Cano. Mr. Cano's representative in Los Angeles, Petitioner Maxwell Joelson, met with Agent Cobbs in June 1990 to discuss importing cocaine. Petitioner paid Agent Cobbs $50,000 in advance for his services. Agent Cobbs and Petitioner had various meetings and telephone conversations to arrange the pickup and delivery of the cocaine from Guatemala. These conversations were often tape-recorded or under the surveillance of a DEA agent. On July 20, 1990, the cocaine was loaded into a rental truck and taken to a restaurant parking

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 96-3437-DOC                                                              Date: April 22, 2014
       CR 90-0565-DOC

Page 2

lot where Petitioner met with Agent Cobbs.  Petitioner accepted the keys to the rental truck and was arrested with the keys in his hand.  The cocaine seized was ninety-two percent pure and its wholesale value was between fifteen and eighteen million dollars.

In August 1990, Petitioner, Alvar Cano, and John Doe were charged with conspiracy to import approximately 770 kilograms of cocaine, conspiracy to possess and to distribute cocaine, aiding and abetting the importation of cocaine, and possession with intent to distribute.  On February 12, 1991, a jury found Petitioner guilty on all counts.  In June 1991, Petitioner was sentenced to four concurrent life terms in prison.

### B.  Procedural History

While the facts of the underlying conviction are fairly straightforward, the procedural history is long and complex.

Petitioner timely appealed his conviction and the sentence.  On October 12, 1993, the Ninth Circuit Court of Appeals affirmed his conviction but remanded for re-sentencing, holding that the District Court had improperly increased his offense level by two levels under U.S.S.G. § 2D1.1(b)(2).  *United States v. Joelson (Joelson I)*, 7 F.3d 174 (9th Cir. 1993), *cert denied*, 510 U.S. 1091, 114 S. Ct. 620 (1993).  The Ninth Circuit also upheld the denial of a motion for new trial based upon newly discovered evidence of duress.  *Id.*

Upon remand, Petitioner was re-sentenced to a term of 360 months, five years of supervised release, and a $200 special assessment.  Petitioner again appealed and the Ninth Circuit affirmed, finding that the District Court was correct in not considering issues that were not included in the Circuit's remand instructions.  *United States v. Joelson (Joelson II)*, 60 F.3d 835 (9th Cir. 1995).

Following the second appeal, Petitioner then filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  On January 6, 1997, the Court denied the § 2255 motion.  Subsequently, Petitioner filed a supplemental motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  In July 1997, the Court vacated its January 6, 1997 order and on August 24, 1998, entered a consolidated order denying both the original § 2255 motion and the supplemental § 2255 motion.

On October 14, 1998, the Court denied a motion to reconsider its August order denying habeas relief.  On March 23, 1999, the Court also denied a certificate of appealability related to the habeas orders, finding that there had been no substantial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 96-3437-DOC  Date: April 22, 2014
       CR 90-0565-DOC

Page 3

showing of the denial of a constitutional right. On November 2, 2000, the Ninth Circuit dismissed Petitioner's appeal of the District Court's August 1998 habeas rulings and the March 1999 certificate of appealability ruling.

On July 19, 2002, the Court issued an order ("2002 Order") regarding several more motions filed by Petitioner. The Court denied Petitioner's Rule 60(b) motion, Rule 60(b) supplemental motion, motion to amend the presentence report, and motion for appointment of counsel. In short, the Court ruled that Petitioner's Rule 60(b) motion was merely a repackaged, successive habeas petition, for which he failed to receive authorization from the Court of Appeals to file. On October 15, 2003, this Court denied Petitioner's motion for reconsideration of the 2002 Order.

On June 27, 2005, the Court denied yet another motion from Petitioner to modify his sentence because the filing constituted a successive § 2255 motion without authorization from the Court of Appeals. On August 2, 2007, the Ninth Circuit denied Petitioner's application for a successive § 2255 motion.

Next, Petitioner moved to disqualify the presiding judge on June 6, 2008. The motion to disqualify was denied by another judge sitting in the district. On October 1, 2008, the Court again denied Petitioner's motion to reconsider the denial of the disqualification order.

Now, Petitioner moves the Court to vacate and reenter its 2002 Order, so that he can appeal this Court's denial of his motion for appointment of counsel.

## II. ANALYSIS

In 2002, Petitioner filed a successive habeas petition—styled as a Rule 60(b) motion—without authorization from the Court of Appeals. This Court denied Petitioner's motion to appoint counsel for the successive habeas petition because "[p]etitioner [was] not entitled to appointed counsel at this stage of the proceedings." 2002 Order (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).

Petitioner argues that there have been intervening changes in law from two U.S. Supreme Court cases—*Harbison v. Bell*, 556 U.S. 180 (2009) and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012)—that require this Court to vacate the 2002 Order in the interests of equity and justice. Specifically, Petitioner believes that these two cases vindicate his previous request for appointment of counsel regarding his successive habeas petition. The Court disagrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. CV 96-3437-DOC  Date: April 22, 2014
CR 90-0565-DOC

Page 4

In *Harbison*, a state court sentenced the petitioner to death and rejected his challenges to his conviction and sentence. 556 U.S. at 182. The federal district court appointed a Federal Public Defender to represent the petitioner for his § 2254 petition. *Id.* The federal courts did not order relief. *Id.* Thereafter, the petitioner requested counsel for his state clemency proceedings, but state law did not authorize such appointment. *Id.* So, the "central question" before the Supreme Court was "whether 18 U.S.C. § 3599 authorizes counsel appointed to represent a state petitioner in 28 U.S.C. § 2254 proceedings to represent him in subsequent state clemency proceedings." *Id.* at 183-84. The Supreme Court's ruling in *Harbison* does not affect whether Petitioner was entitled to appointed counsel for his successive habeas petition.

In *Martinez*, a state court appointed counsel for the petitioner's direct appeal. 132 S. Ct. at 1313-14. However, state law required prisoners to bring claims of ineffective assistance of counsel in collateral proceedings, not on direct review. *Id.* The petitioner's post-conviction counsel did not raise an ineffective-assistance claim in the first collateral proceeding. *Id.* On federal habeas review, the petitioner sought to argue that he had received ineffective assistance of counsel at trial, but the district court determined that such a claim was procedurally defaulted. *Id.* Therefore, the Supreme Court addressed "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." 132 S. Ct. at 1313. Again, this ruling has no bearing on whether Petitioner was entitled to appointed counsel for his successive habeas petition.

In short, the Court finds no cause to vacate its prior 2002 Order to enable Petitioner to appeal. For a host of reasons, neither of the cases cited by Petitioner affect this Court's decision to deny his request to appoint counsel for a successive habeas petition.

### III. DISPOSITION

For the reasons explained above, the Court DENIES Petitioner's Motion to Vacate the 2002 Order. Furthermore, the hearing set for April 29, 2014 is VACATED.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                 Initials of Deputy Clerk: jcb